# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

JOHN MARK GROOMS,

    Petitioner,

v.

CIVIL ACTION NO.: CV207-006

JOHN TERWILLIGER,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner John Mark Grooms ("Grooms"), an inmate currently incarcerated at Emanuel Probation Detention Center in Twin City, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging convictions obtained in the Superior Court of Glynn County, Georgia. Respondent filed a Motion to Dismiss, and Grooms filed a Response. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Grooms was convicted of driving under the influence (DUI) and possession of a schedule II drug after pleading guilty in the Superior Court of Glynn County, Georgia on March 25, 2004. Grooms did not appeal his judgment of conviction. (Doc. No. 1, p. 4). Grooms filed the instant petition on December 27, 2006. Respondent asserts that Grooms' petition should be dismissed as untimely.

## DISCUSSION AND CITATION OF AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

> The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Grooms' conviction became final at the time of his completion of the direct review process or at the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Grooms was convicted after pleading guilty in the Glynn County Superior Court on March 25, 2004; he did not file a direct appeal. Thus, his conviction became final on or about April 25, 2004. See O.C.G.A. § 5-6-38 (noting that a notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of). Accordingly, Grooms had one

2

year from that date in which to seek federal habeas corpus relief or in which to toll the one-year period with an application for state post-conviction relief.

Grooms did not seek state post-conviction review so as to toll the one-year period. He did not file the instant federal petition until December 27, 2006, which is more than one year after his convictions became final. Accordingly, Grooms is not entitled to his requested relief.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 5) be **GRANTED**. Grooms' petition, filed pursuant to 28 U.S.C. § 2254, should be **DISMISSED**, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED** this ___5th___ day of June, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)